IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| ROBERT BLANCO, | |
| --- | --- |
| Plaintiff, | |
| v. | Action No. 3:10–CV–33 |
| WYETH, INC., f/k/a American Home Products Corp., and WYETH PHARMACEUTICALS, INC., f/k/a Wyeth-Ayerst Pharmaceuticals, Inc., f/k/a Wyeth Laboratories, Inc., | |
| Defendants. | |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on two Motions to Quash/Strike filed by Plaintiff Robert Blanco. The first seeks to strike the depositions noticed by Defendants Wyeth LLC and Wyeth Pharmaceuticals Inc.[1] (collectively "Wyeth") of Blanco and Dr. Daniel Grinnan, Blanco's treating physician and testifying expert in this litigation (Dock. Nos. 43, 44, 45). This Motion will be GRANTED. The second Motion seeks to strike the deposition noticed by Wyeth of Nurse Practitioner Janet Pinson (Dock. No. 50). This latter Motion will be DENIED.

## **I. BACKGROUND**

In this products liability action, Blanco alleges that after taking Redux, an appetite suppressant containing fen-phen and manufactured by Wyeth, he developed health problems including primary pulmonary hypertension ("PPH"). Litigation concerning Wyeth's diet drugs has been the subject of multi-district litigation, with the Eastern District

---

[1] These are the correct titles of the Defendant companies as stated in the Defendants' memorandum in opposition to Blanco's Motion. (Wyeth Memo. 1.)

of Pennsylvania managing the cases through the discovery period. The pretrial order entered by that court established that all discovery including expert depositions should be completed no later than 11 months after the case's assigned discovery initiation date. (Blanco Memo., Ex. 3, ¶ 18(a), (e).)

During the discovery process, Blanco was deposed twice, with the last one occurring on April 21, 2009. Dr. Grinnan was deposed on February 23, 2009. Dr. Grinnan has also submitted an expert report and a supplement to that report, with the latter submitted on February 18, 2009.

This case was remanded to the District of Minnesota and then eventually transferred to this Court in January of 2010 (Dock. No. 28). In February 2010, Wyeth indicated its intention to depose Nurse Practitioner Pinson after remand. In May 2010, Wyeth noticed the depositions of Blanco and Dr. Grinnan, asserting that new medical tests and the passage of time necessitated additional deposition testimony. In June, Blanco filed the instant Motions.

## II. DISCUSSION

### A. Motion to Quash/Strike Deposition Notice of Blanco and Dr. Grinnan

In support of his Motion, Blanco claims that based on the pretrial order entered by the district court in Pennsylvania, the "discovery period has long since come and gone." (Blanco Memo. 2.) While a party may seek leave for additional depositions or discovery beyond the cut-off, Blanco says Wyeth has not done so. Even if Wyeth were to do so, Blanco contends the request should be denied because Wyeth is unjustifiably attempting to repeat discovery that has already been conducted. To the extent Wyeth is justified in seeking updated information, Blanco says that the recent medical records that he can provide to

2

Wyeth more than adequately updates Wyeth on Blanco's current health status.

In response, Wyeth says that the depositions at issue here were timely noticed for June 24 and 25, 2010, which was prior to the close of discovery in this case. Wyeth says that the requested depositions of Dr. Grinnan and Blanco would be limited to Blanco's recent health status and new diagnostic testing. Wyeth reasons that these requests are consistent with the pretrial order issued by the District Court for the Eastern District of Pennsylvania as well as the Federal Rules of Civil Procedure, which allow a court to grant leave for a party to take additional depositions if the depositions would not be unreasonably cumulative or duplicative or the burden and expense of the discovery would not outweigh its likely benefit. Fed. R. Civ. P. 26(b)(2), 30.

The Court sides with Blanco on this Motion. The Suggestion of Remand Order indeed contemplated that this Court could confront a situation where additional discovery is necessary. (Wyeth Memo., Ex. D, at 2.) As to Dr. Grinnan and Blanco, however, no additional depositions are necessary. Although time certainly has passed since their previous depositions, the additional medical documents provided to Wyeth (as well as the deposition of Nurse Pinson, which, as explained below, will be permitted) can provide a more than sufficient update on Blanco's status. Moreover, Blanco reports no change in Dr. Grinnan's medical opinion due to the new medical information. Additional depositions would thus be cumulative and also burdensome. Blanco's Motion is GRANTED.

**B. Motion to Quash/Strike Deposition Notice of Nurse Pinson**

On February 27, 2009, Wyeth sent Blanco's counsel a letter stating that it intended to depose Nurse Practitioner Janet Pinson after the case was remanded for trial. Blanco says this request should be stricken because it is not permitted by Special Discovery Memo

3

No. 25, which only allows the deferral of one deposition of a treating physician after remand. Blanco says that Wyeth did not defer any depositions, because it already used its allotment and furthermore Pinson is not a treating physician, but a nurse. As a result, Blanco says her testimony is not the type that the discovery memo allows to be deferred. For those reasons, he says, the deposition notice should be quashed.

In its response, Wyeth begins by noting that it indeed requested Pinson's deposition 16 months ago in a letter to Blanco's counsel and the instant Motion is the first time Blanco has objected. The objection, Wyeth says, is, thus not only late, but baseless. Wyeth believes the Suggestion of Remand Order, which states that "one deposition of a treating physician" would be reserved following remand, specifically allows for Pinson's deposition. Although Pinson does not have the title of "physician," Wyeth notes that she is a PPH specialist that has written articles in her field and, as stated in his deposition testimony, Dr. Grinnan views her as acting as a pulmonary physician. Wyeth further notes that the deposition is not only permissible, but is also critically relevant. Pinson has treated Blanco for months and has first-hand knowledge of how he has progressed, including whether he has followed doctor's orders, the genesis of his hip and leg pain, and the effect of dialysis on his health.

The Motion to Quash will be DENIED. The Suggestion of Remand Order specifically contemplates reserving the deposition of a "treating physician" until after remand. It appears Wyeth indicated that it intended to depose Pinson after remand 16 months ago. And indeed the deposition has apparently been scheduled twice, but was cancelled due to scheduling conflicts of Blanco's counsel. After the second failed attempt, Wyeth was greeted not with an attempt to reschedule, but with this Motion. Pinson may not officially be a physician, but Blanco and Dr. Grinnan have apparently treated this highly skilled nurse

4

as such during her treatment of Blanco. Substance will prevail over form here. Moreover, it is clear that Pinson can testify to highly relevant information on the progress of Blanco's health. As a result, the Motion is DENIED.

### III. CONCLUSION

For the reasons stated above, the Motion to Quash/Strike the deposition notices of Dr. Grinnan and Blanco is GRANTED and the Motion to Quash/Strike the deposition notice of Nurse Pinson is DENIED.

Let the Clerk send a copy of this Memorandum to all counsel of record. An appropriate order shall issue.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __14th__ day of July 2010